FILED '06 DEC 08 14:18 USDC·ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL J. SMITH,                                    Civ. No. 06-741-AA

        Plaintiff,                                   OPINION AND ORDER

    v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

            Defendant.
_____

James S. Coon
Kimberly K. Tucker
Swanson, Thomas & Coon
820 S.W. Second Ave., Suite 200
Portland, OR 97204
    Attorneys for plaintiff

Karin J. Immergut
United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

1 - OPINION AND ORDER

Johanna Vanderlee
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
        Attorneys for defendant

AIKEN, Judge:

Plaintiff Michael Smith brings suit under 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's decision dismissing his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Social Security Act (the Act).  Defendant moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction, because plaintiff did not exhaust his administrative remedies and no final decision was rendered to confer jurisdiction to this court.  Defendant's motion is granted.

<u>BACKGROUND</u>

Plaintiff filed applications for DIB and SSI benefits, and they were denied on initial review.  On July 18, 2005, defendant denied plaintiff's request for reconsideration.  The Notice of Reconsideration stated that plaintiff must file an appeal within sixty days.

On September 21, 2005, plaintiff "picked up" appeal forms from the Social Security Administration Office, but he did not submit his appeal and request for administrative hearing until November 7, 2005.  Along with his appeal, plaintiff submitted a letter in which he stated that he did not understand how to complete the appeal and

2 - OPINION AND ORDER

request forms or that he was required to submit them within sixty days from the denial of his request for reconsideration.

On December 13, 2005, an Administrative Law Judge (ALJ) found that plaintiff had not established good cause to extend the time in which to appeal and request an administrative hearing.  Therefore, the ALJ dismissed plaintiff's claim.

On February 15, 2006, plaintiff filed a request for review of the ALJ's dismissal, and on March 29, 2006, the Appeals Council denied plaintiff's request for review.

On May 23, 2006, plaintiff filed the instant action. Plaintiff alleges that the dismissal of his appeal was not supported by substantial evidence and that he established good cause to allow the late filing of his appeal.

<u>DISCUSSION</u>

The Commissioner moves for dismissal of plaintiff's claim on the ground that this court lacks jurisdiction under the Act to review actions of the Commissioner absent a final decision made after a hearing.

"Judicial review of claims arising under Title II or Title XVI of the Social Security Act is authorized and limited by 42 U.S.C. § 405(g)."  <u>Subia v. Comm'r of Soc. Sec.</u>, 264 F.3d 899, 902 (9th Cir. 2001).  The Supreme Court has held that § 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'"  <u>Califano</u>

v. Sanders, 430 U.S. 99, 108 (1977); see also Johnson v. Shalala,
2 F.3d 918, 921 (9th Cir. 1993) ("Section 405(g) requires an SSI
claimant to obtain a final judgment from the Secretary before
seeking judicial review."). A decision to dismiss an appeal of a
benefits decision is discretionary and does not constitute final
decisions subject to judicial review under § 405(g). Sanders, 430
U.S. at 107-08; see also Evans v. Chater, 110 F.3d 1480, 1482 (9th
Cir. 1997).

There is, however, "an exception" where the underlying
dismissal is challenged on constitutional grounds. Udd v.
Massanari, 245 F.3d 1096, 1099 (9th Cir. 2001) (citing Sanders, 430
U.S. at 109). "The Sanders exception applies to any colorable
claim of due process violation that implicates a due process right
. . . to seek reconsideration of an adverse benefits
determination." Evans, 110 F.3d at 1483 (internal quotation
marks and citation omitted). A colorable claim is one that is not
"wholly insubstantial, immaterial, or frivolous." Boettcher v.
Sec'y of Health & Human Servs., 759 F.2d 719, 722 (9th Cir. 1985).
However, the "mere allegation" of a due process violation does not
assure that the claim is colorable. Hoye v. Sullivan, 985 F.2d
990, 992 (9th Cir. 1992) (per curiam).

Typically, "[w]here a claimant alleges that a prior
determination should be reopened because he suffered from a mental
impairment and was not represented by counsel at the time of the

denial of benefits, he has asserted a colorable constitutional claim," and the court has jurisdiction to consider the merits of the claim. Udd, 245 F.3d at 1099 & n.3 (citing Evans, 110 F.3d at 1483) (adding that lack of representation is not essential to the decision); see also Social Security Ruling 91-5p (if a claimant presents evidence that mental incapacity prevented him or her from requesting timely review of an administrative action, and no one was legally responsible for prosecuting the claim on his or her behalf, "SSA will determine whether or not good cause exists for extending the time to request review"). Here, plaintiff alleges that he was mentally impaired when his claim was dismissed, and that he not represented by counsel during the relevant time period. Therefore, plaintiff arguably asserts a colorable constitutional claim, and this court has jurisdiction to consider it.

However, I find no due process violation to establish good cause for plaintiff's failure to file a timely appeal. Social Security Ruling 91-5p provides that "[t]he claimant will have established mental incapacity for the purpose of establishing good cause when the evidence establishes that he or she lacked the mental capacity to understand the procedures for requesting review." SSR 91-5p; Udd, 245 F.3d at 1099-1100. In making this determination, four factors are considered: (1) the inability to read or write; (2) the lack of facility with the English language; (3) limited education; and (4) any mental or physical condition

which limits the claimant's ability to do things for him or herself.  Id.

     To support his claim of mental incapacity, plaintiff does not assert that he is unable to read or write, that he is unfamiliar with the English language, or that he has limited education. Rather, plaintiff claims only that his mental impairments limits his ability to complete simple tasks and understand basic paperwork.  Plaintiff submits treatment notes from a mental health provider who diagnosed plaintiff with major depressive episode, a possible provisional learning disorder, and an antisocial personality disorder.  Plaintiff's Response to Motion to Dismiss, Ex. 1, p. 5.  Upon review of the treatment notes submitted to the ALJ, however, I find no error in the ALJ's refusal to find good cause to extend the time for filing a request for hearing.

     Despite the fact that plaintiff's therapist opined that plaintiff's mental impairments resulted in his failure to timely file an appeal, the treatment notes do not reflect mental incapacitation or impairment to support a finding of good cause. For example, in May of 2005, plaintiff reported that he studied computers for fifteen months in 1998 and that he likes to write short stories, play computer games, and use AOL instant chat. Plaintiff's Response, Ex. 1, pp. 18, 21.  Further, plaintiff stated that he "misses having a computer and mental stimuli."  Id. p. 18. In July 2005, plaintiff stated that "procrastination" was the

6 - OPINION AND ORDER

reason he did not follow through with opportunities provided by Goodwill, and his therapist printed out bus directions for him. Id. p. 10.   In August 2005, plaintiff attended a Goodwill orientation, reported that he is on a couple of temporary job lists, and that he would make an appointment with his doctor.   Id. at pp. 8-9.   Finally, in August 2005, plaintiff stated that he waited more than a week to place his name on a housing list because of "procrastination." Id. p. 7.

In sum, the record does not reflect or support plaintiff's claim that he did not understand the sixty-day appeal requirement. To the contrary, the notes submitted by plaintiff support the ALJ's finding that plaintiff is aware of events in his life and capable of taking appropriate action.   Therefore, I find no error in the ALJ's refusal to find good cause to allow extension of the appeal deadline.

CONCLUSION

Defendant's Motion to Dismiss (doc. 8) is GRANTED.   This case is DISMISSED.

IT IS SO ORDERED.

Dated this *5* day of December, 2006.

_____
Ann Aiken
United States District Judge

7 - OPINION AND ORDER